UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY HENNIS** ) | |
| ) | **Case Number** |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **ACADEMY COLLECTION** ) | |
| **SERVICES, INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Larry Hennis, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Larry Hennis, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant's principal place of business is here and Defendant transacts business.

### III. PARTIES

4. Plaintiff, Larry Hennis, is an adult natural person residing at 630 South Aspen Court, Saint Peter, MN 56082.

5. Defendant, Academy Collection Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around the end of November 2008, Defendant, by and through its agents, began a barrage of harassing and abusive telephone calls to Plaintiff's employer, University Printing Services in regards to a debt allegedly owed by Plaintiff.

8. University Printing Services secretary, Katherine Wilcox repeatedly informed Defendant's agents that Plaintiff could not take personal calls at work.

9. Defendant's agents continued to contact Plaintiff's employer daily, sometimes multiple times per day despite knowing that Plaintiff's employer prohibits such communications.

10. Defendant's agents were not confirming or correcting Plaintiff's location information and have informed Ms. Wilcox that they are attempting to collect a debt from Plaintiff.

11. On or around December 21, 2008, Defendant's agent left a message for Plaintiff on the main voicemail for University Printing Services. This was not Plaintiff's voicemail nor did he have a mailbox or extension at his place of employment. In fact numerous employees of University Printing Services have the password to the main mailbox and messages are often played on speaker.

12. In the message, Defendant's agent stated that she was attempting to collect a debt from Plaintiff.

13. Plaintiff was humiliated and embarrassed.

14. Defendant has never sent Plaintiff the required 30 day validation notice. Despite this fact, Defendant, by and through its agents, continues to harass Plaintiff by calling his employer.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than

the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT 1 – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), b(3), c(a)(1), c(a)(3), c(b), d, d(5), d(6), e, e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Academy Collection Services, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  February 6, 2009          BY:   */s/ Bruce K. Warren*
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff